[No. 6062.]

ROBERTS v. LARSON ET AL.

**Appeals — Finding on Conflicting Evidence, in conclusive.—** (121)

*Appeal from Denver District Court* — Hon. FRANK T. JOHNSON, Judge.

Mr. JOHN T. BOTTOM, for appellant.

Mr. RALPH E. STEVENS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an action in trespass against the defendant, J. Fred Roberts, to recover damages for the wrongful and unlawful quarrying and carrying away of rock from lands operated by plaintiffs under lease. The plaintiffs count on a trespass beginning in March, 1903, and continuing, as is said, to the date of the commencement of this suit, March 14, 1905. Prior to January, 1904, the boundary between the lands held and operated by plaintiffs and those adjoining, held and operated by defendant, seems to have been indefinite and uncertain. At the latter date plaintiffs had an actual survey on the ground

and definitely fixed this boundary line. On February 8th next, formal written notice was given the defendant of the location of the line, and of the fact of his trespass, but he disregarded the same and continued the removal of rock from the disputed ground. Trial was by agreement to the court without a jury. The court found the main issue in favor of plaintiffs and against the defendant, and assessed damages in the sum of $1,500.00, declining, however, to consider any act of alleged trespass prior to the date of the survey which fixed the boundary line, and of written notice of the claimed trespass to the defendant. To review this judgment the latter brings the case here on appeal.

There is no law question fairly involved. The dispute is one of fact, pure and simple. On conflicting testimony the court found the issues which determined the plaintiffs' right of recovery against the defendant, in their favor. By these findings this court is bound. We have, however, critically examined the entire record, and are firmly convinced that the determination of the controversy by the court below was according to the very right of the matter, except possibly that the judgment might well have been for a larger sum. In any event, we find nothing in the record of which the defendant may justly complain. We have examined the assignments of error urged because of the admission of incompetent, and the exclusion of competent evidence, upon the question of estoppel, and upon all matters urged by counsel for a reversal of this judgment, and find no merit in any of them. The judgment is accordingly affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.