Cunningham, Judge.
Plaintiff brought its action against John and Nellie Wilson in a justice of the peace court, on a money demand, A writ of attachment was sued *171 out, and a levy made thereunder on certain personal property, as the property of John and Nellie Wilson. Wright intervened, claiming title to the goods in virtue of a bill of sale from the Wilsons to himself. From a judgment in favor of the plaintiff, intervenor, Wright, appealed to the county court, where, on a trial to the court without a jury, he prevailed.
1. It is contended by the appellant thát the sale and transfer of the goods from the Wilsons to Wright was fraudulent, and wholly void as to plaintiff, who was a creditor, and if not wholly void, at least partially void. Wright claimed to be a creditor of the Wilsons, and that he took the goods in payment for a debt they owed him, and paid them a small balance in cash for the goods. Plaintiff contends that even though the debtor may prefer a creditor, that where one creditor takes goods in payment of a debt, and pays a balance in cash, where he knows of the insolvent condition of his creditor, the whole transaction becomes void as to the other creditors. We think this contention is not sound. The payment of the money, under such circumstances, is but evidence of fraud, and not necessarily conclusive of the question.
Otis v. Rose et al., Colo. App., 449; 48 Pac. 967.
2. The trial judge, after hearing the evidence, which was conflicting on practically all of the material points, found that there was no fraud in the sale and transfer of the goods by the Wilsons to Wright, and upheld the same.
We can not say, as a matter of law, that the evidence, viewed in the most favorable light to the *172 intervenor, is not sufficient to sustain the findings of the trial judge in this behalf, and the judgment based thereon.
Otis v. Rose et al., supra. First National Bank v. Kavanaugh, 7 Colo. App., 160; 43 Pac., 217. Roberts v. Larson et al., 48 Colo., 120; 109 Pac., 261.
There is no law question fairly involved, and the only error discussed is the alleged insufficiency of the evidence to support the judgment.
The judgment will stand affirmed.

Affirmed.